AARON BUDDINGTON *versus* JAMES SHEARER *et al.*

In an action of trespass, upon Revised Stat. c. 58, § 13, which provides that every owner *or* keeper of any dog shall forfeit to any person injured by such dog, double the amount of damages sustained by him, the declaration having alleged that the defendants were the owners *and* keepers of the dog, it was *held* that the plaintiff must prove that the defendants were both owners and keepers.

Where the injury was done by two dogs, together, belonging to several owners, it was *held* that each owner was liable only for the damage done by his own dog, and not for the whole damage done by the two dogs.

THIS was an action of trespass for an injury done by a dog to the plaintiff's sheep. It was brought on Revised Stat. c. 58, § 13, which provides that " every owner or keeper of any dog shall forfeit, to any person injured by such dog, double the amount of the damage sustained by him, to be recovered in an action of trespass."

The declaration contained three counts. The two first charged the defendants as the owners *and* keepers of the dog which did the mischief, and the third, as the keepers simply.

At the trial, before *Putnam* J., the defendants contended, that under the first and second counts it was incumbent on the plaintiff to prove that the defendants were both the owners *and* the keepers of the dog, and under the third count, that they were the keepers. But the judge ruled that it was sufficient to prove that the defendants were either the owners *or* the keepers of the dog. To this decision the defendants excepted.

It was proved that the mischief was done by a dog belonging to one Mowry, together with another dog alleged to belong to the defendants. There was no joint ownership or other connexion or concert in relation to the dogs, between Mowry and the defendants. The defendants contended that they were answerable only for the damage done by their dog, and that the jury were bound to discriminate between the damage done by their dog and the damage done by Mowry's dog and render their verdict accordingly. But the judge instructed the jury, that the owner of each dog was liable for all the damage which was done by both dogs while they were thus together. To this direction the defendants excepted.

Buddington
v.
Shearer.

*Sept. 26th*

If the ruling of the judge on either of the above points was incorrect, a new trial was to be granted ; otherwise judgment was to be rendered for double the amount of the verdict.

*Wells, Alvord* and *Davis* insisted, that as the defendants were described, in the first and second counts, as owners and keepers of the dog, it was necessary to prove both parts of the description, in order to support those counts ; 3 Stark. Ev. (Metcalf's ed.) 1550 ; *Heriot* v. *Stuart*, 1 Esp. R. 437 ; *Stevens* v. *Aldridge*, 5 Price, 334 ; *Goodes* v. *Wheatly*, 1 Campb 231 ; and that the owners of one of the dogs were not liable, under the statute, for the damage done by the other dog ; *Russell* v. *Tomlinson et al.* 2 Connect. R. 206 ; *Adams* v. *Hall*, 2 Vermont R. 9.

*H. Chapman* and *Aikin, contrà.* The averment that the defendants were *owners and keepers* of the dog was divisible, and proof of either branch of it was sufficient. *Watertown* v. *Draper*, 4 Pick. 165 ; *Commonwealth* v. *Cooley*, 10 Pick. 37. Here was an entire and indivisible injury by two dogs, and the owners of one of them were liable to be sued in a separate action, for the whole damages, and a recovery against them will be a bar to an action against the owner of the other dog. *Smith* v. *Jones*, 15 Johns. R. 229 ; *Hess* v. *Heeble*, 6 Serg. and Rawle, 57.

*Sept. 29th.*

WILDE J. delivered the opinion of the Court. Generally in cases of tort it is sufficient to prove a part of an allegation in a writ, if it be divisible and capable of a partial proof, provided the part proved is actionable. But if the allegation be descriptive merely, it must be fully proved. 3 Stark. Ev. (Metcalf's ed.) 1550.

Thus, where a party averred that he was proprietor and editor of a newspaper calumniated by the defendant, it was held to be insufficient to prove merely that he was proprietor. *Heriot* v. *Stuart*, 1 Esp. R. 437. So if a lessee and farmer of tithes describes himself as the owner and proprietor, the description is insufficient. *Stevens* v. *Aldridge*, 5 Price, 334. So where the declaration against the maker of a promissory note, payable to the bearer, unnecessarily alleged an indorsement by the payee, it was held that the plaintiff was bound to prove it. *Waynam* v. *Bend*, 1 Campb. 175. And gener-

ally where the terms of a contract are stated, though unnecessarily, they must be proved. Upon these authorities it appears to the Court, that the averment, that the defendants were the owners and keepers of the dog doing the mischief complained of, was a descriptive averment, and required full and strict proof. The objection however is technical, and may be obviated by a slight amendment of the declaration.

Another exception was taken to the instructions to the jury, which is of more importance. It was proved at the trial that the mischief complained of was done by a dog belonging to one Mowry together with the defendants' dog, and on this evidence the jury were instructed, that the owner of each dog was liable for all the damage which both dogs did, while they were thus together. The law was laid down differently in the action of *Russell* v. *Tomlinson et al.* 2 Connect. R. 206, an action founded on a similar statute of the State of Connecticut ; and we are of opinion that that case was rightly decided, for the reasons there stated. That action was brought against two owners of dogs, who owned the dogs severally. And the Court held that a joint action could not be maintained against them, although the mischief were done by the dogs jointly ; but that each owner was liable only for the mischief done by his own dog. This decision seems to be conformable to the principles of justice, and according to the true construction of the statute, by which the owner of any dog is made liable for the damage done by his own dog, and not by the dog of another. And by separate actions the party injured would have a full indemnity, for the recovery in an action against one owner would be no bar to an action against another.

There may be some difficulty in ascertaining the quantum of damage done by the dog of each, but the difficulty cannot be great. If it could be proved what damage was done by one dog, and what by the other, there would be no difficulty ; and on failure of such proof, each owner might be liable for an equal share of the damage, if it should appear that the dogs were of equal power to do mischief, and there were no circumstances to render it probable that greater damage was done by one dog than by the other. But whatever the difficulty

Buddington
v.
Shearer.

may be, it can be no reason why one man should be liable for the mischief done by the dog of another.

*New trial granted.*